**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA K. SALTER, | 1:12-CV-01852-LJO-SAB |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** (Doc. 11) |
| v. | |
| CARLOS HERNANDEZ, BETTY RODRIGUEZ, RUSS PETTIS, and DOES 1-25, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Linda K. Salter ("Salter") has brought suit against Defendants Carlos Hernandez, Betty Rodriguez, Russ Pettis, and unnamed Does (collectively "Defendants") for violations of due process and the Fourth Amendment under 42 U.S.C. § 1983 and for various state claims. Defendants timely removed this action to this Court from Madera County Superior Court. Now pending before the Court is Defendants' motion to dismiss Salter's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Salter opposed the motion, and Defendants have filed a reply. Upon careful consideration of the parties' arguments, the Court DISMISSES in part with leave to amend Salter's complaint and ORDERS Salter to file and serve either an amended complaint or a statement agreeing to dismissal of her federal claims.

**BACKGROUND**

**A. Facts**

Salter worked as a Correction Counselor for the California Department of Corrections and Rehabilitation ("CDCR") from 1990 until 2008 and again from 2011 until her retirement in 2012. At

the relevant times during her employment, Salter worked at the Valley State Prison for Women ("VSPW").  Salter alleges that she was injured on the job on August 27, 2003, when she fell while pushing her file cart.  Salter alleges that Hernandez, a Correction Counselor II at VSPW and Salter's direct supervisor, failed to complete an accident/injury report despite being notified that he needed to complete the report and advising Salter that he would complete the report.

Salter alleges she visited Rodriguez, a Return to Work Coordinator at VSPW, to request to see a doctor on September 15, 2003 for the August 27, 2003 accident.  Dr. Allen T. Nassar diagnosed Salter with neck and back strain and later instructed her not to use her left arm.  Salter alleges no accommodations were made for her at work other than having someone else push her file cart in late October 2003.

Salter alleges that, in November 2003, Rodriguez notified a California Public Employees' Retirement System ("Cal-Pers") investigator that Salter would soon file a fraudulent claim.  Salter further alleges Rodriguez notified the California State Compensation Insurance Fund ("State Fund") that Rodriguez was suspicious of Salter because Salter waited to see a doctor for her injuries from the August 27, 2003 accident.  The State Fund investigated Salter and declined to prosecute her in November 2004.

In August 2007, Salter was arrested by Pettis and charged with fourteen felony counts of fraud and theft related to her injury.  Salter's employment with VSPW was terminated on April 21, 2008.  In January 2011, the charges against Salter were dismissed.  Salter's employment with VSPW was reinstated in February 2011.

After an unsuccessful disability retirement hearing with Cal-Pers in April 2007, Salter received clearance for disability retirement in May 2012.  Salter's worker's compensation claim remains pending.

**B. Procedural History**

Salter filed a complaint on October 5, 2012 in Madera County Superior Court alleging sixteen causes of action – four relate to the United States Constitution and federal statutes and twelve are based on the California Constitution and California law.  On November 5, 2012, Defendants timely removed this action to federal court on the basis of federal question jurisdiction for the causes of action

1  related to federal law and supplemental jurisdiction over the state law causes of action.  Defendants

2  filed the instant motion to dismiss on December 20, 2012.  Salter opposed the motion on January 10,

3  2013 and voluntarily dropped her sixth, ninth, and tenth causes of action.  Defendants filed a reply on

4  January 17, 2012.

5          Having considered the parties' arguments and the relevant law, the Court issues this order.

6                                      **DISCUSSION**

7                   **Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

8      **A.     Legal Standard**

9          A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of

10  the allegations set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is

11  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

12  cognizable legal theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).   In

13  considering a motion to dismiss for failure to state a claim, the court generally accepts as true the

14  allegations in the complaint, construes the pleading in the light most favorable to the party opposing

15  the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d

16  580, 588 (9th Cir. 2008).

17          To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts

18  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

20  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

21  Iqbal*, 129 S. Ct. 1937, 1949 (2009).   "The plausibility standard is not akin to a 'probability

22  requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

23  (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

24  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to

25  relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

26          "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

27  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

28  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

With these standards in mind, this Court turns to Defendants' challenges to the allegations in Salter's complaint.

## B.    Federal Causes of Action under 42 U.S.C. § 1983[1]

Salter claims that Defendants acted under color of law when they deprived Salter of her Constitutional rights in violation of 42 U.S.C. § 1983. In particular, Salter alleges that Defendants deprived her of liberty and property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution. Salter further claims that Defendants' actions were outrageous and shocking to the conscience in violation of the Fourteenth Amendment. Salter also accuses Defendants of violating her Fourth Amendment right to be free from unreasonable seizure.

---

[1] Salter claims these as four separate causes of action, for violations of procedural due process, substantive due process, 42 U.S.C. § 1983, and the Fourth Amendment, in the complaint. For reasons discussed further above, interpreting the due process claims as separate from the § 1983 claim would be improper as the alleged due process violations form the substantive violations upon which Salter's § 1983 claim is based. Salter further claims that Defendants' actions violated her right to be free from unreasonable seizure under the Fourth Amendment. This also should be brought under § 1983 because an unreasonable search or seizure gives rise to a cause of action for damages through 42 U.S.C. § 1983. *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). Therefore, the Court construes Salter's complaint as containing three federal causes of action, each brought under § 1983, in which Salter alleges and seeks damages for violations of substantive and procedural due process and the Fourth Amendment's protection against unreasonable seizure.

1    Defendants argue that Hernandez, Rodriguez, and Pettis are entitled to qualified immunity from suit in

2    their individual capacities.  Defendants further argue that Salter fails to meet the pleading standard

3    under Fed. R. Civ. P. 8.

4        "Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

5    acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the

6    claimant of some right, privilege, or immunity protected by the Constitution or laws of the United

7    States."  *Leer v. Murphy*, 844 F.2d 628, 632–633 (9th Cir.1988).

8        "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for

9    vindicating federal rights elsewhere conferred.' "  *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

10   (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  Section 1983 and other federal civil

11   rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or

12   immunities secured' to them by the Constitution."  *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quoting

13   *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)).  "The first inquiry in any § 1983 suit, therefore, is

14   whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'"  *Baker v.

15   McCollan*, 443 U.S. 137, 140 (1979).  Stated differently, the first step in a section 1983 claim is to

16   identify the specific constitutional right allegedly infringed.  *Albright*, 510 U.S. at 271. "Section 1983

17   imposes liability for violations of rights protected by the Constitution, not for violations of duties of

18   care arising out of tort law."  *Baker*, 443 U.S. at 146.

19       Salter alleges and Defendants do not contest that Defendants acted under color of state law.

20   As such, attention turns to whether Defendants deprived Salter of a constitutional right.

21   **1.    Procedural Due Process – 42 U.S.C. § 1983**

22       In her first cause of action, Salter alleges the Defendants "deprived Plaintiff of liberty and

23   property without due process of law in violation of the Fifth and Fourteenth Amendments to the United

24   States Constitution" by "falsely and illegally initiating the various administrative and legal proceedings

25   against Plaintiff, and by making dishonest and exaggerated statements about Plaintiff at said

26   proceedings[.]"

27       "To establish a violation of procedural due process a plaintiff must demonstrate: (1) a

28   deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate

5

1   procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir.2006)

2   (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir.1998)).

3        Salter alleges that Hernandez failed to complete an accident/injury report for when she fell

4   while pushing her file cart on August 27, 2003.  Salter further alleges that Rodriguez notified Cal-Pers

5   and the State Fund that Salter was filing a fraudulent claim relating to her accident, and that the State

6   Fund investigated Salter but chose not to prosecute her.  Salter was also arrested by Pettis and charged

7   with fourteen counts of fraud related to her injury claims.  Those charges were later dismissed.  While

8   those charges were pending, Salter lost her employment with VSPW between April 21, 2008 and

9   February 1, 2011.  Salter's sole allegation against Pettis seems to be that he executed her arrest.

10        According to Salter, Defendants' "deceitful, manipulative, and false" actions caused her to

11   be deprived of her notary and real estate licenses and pay and benefits, to pay large attorneys' fees, to

12   be subject to false and illegal criminal proceedings, and to suffer various health problems.  Defendants

13   do not dispute that Salter had a significant liberty or property interest deserving of constitutional

14   protection in at least some of these items.  *Board of Regents v. Roth*, 408 U.S. 564, 571-72 (1972)

15   ("[P]roperty interests protected by procedural due process extend well beyond actual ownership of real

16   estate, chattels, or money.").

17        However, it remains unclear how the state or its agents deprived Salter of those interests.

18   Salter makes no allegations as to how Defendants' actions, outlined above, caused her to lose her

19   notary and real estate licenses.  Salter also fails to allege how the State Fund investigation deprived

20   Salter of a constitutionally protected liberty or property interest.  Salter apparently was temporarily

21   discharged from her employment and accrued attorneys' fees as a result of her arrest.  Salter accuses

22   Defendants of "causing Plaintiff to be unlawfully detained, arrested, [and] prosecuted," of "maliciously

23   withholding exculpatory evidence" and of "falsely and maliciously alleging and claiming that Plaintiff

24   had committed fraud and crimes."  However, Salter alleges no facts to support those blanket

25   accusations.  In fact, she makes no allegations as to how Hernandez's and Rodriguez's actions,

26   outlined above, caused or related to her arrest.  Even if Rodriguez reported Salter to Cal-Pers and to the

27   State Fund, who investigated but chose not to prosecute Salter, there is still no factual connection

28   between Rodriguez's actions and Salter's arrest four years later by a case investigator from the CDCR.

Finally, Salter accuses Defendants of causing her to suffer "mental health problems, gastrointestinal ailments (including Irritable Bowel Syndrome,) an inadequate and late diagnosis of Reflex Sympathetic Dystrophy (RSD) Syndrome, [and] Post-Traumatic Stress Syndrome[.]"  However, Salter alleges no facts to support this conclusion.  Salter provides no factual basis as to how, when, and by whom she was diagnosed with these conditions, how the Defendants' actions, outlined above, resulted in these conditions, or how she was deprived of a constitutionally protected liberty or property interest in allegedly suffering from these conditions.

At most, Salter sufficiently alleges one instance of deprivation of a constitutionally protected right.  Defendants do not dispute that Salter was deprived of her interest in her liberty when she was arrested by Pettis and detained.  However, to state a claim for violation of procedural due process, Salter must also demonstrate "a denial of adequate procedural protections."  *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d at 1061.  Salter fails to make any allegations as to the adequacy of the procedure provided when she was arrested by Pettis and charged with fourteen counts of fraud.  Salter merely makes the general accusation that Defendants acted "without reasonable or probable cause" but provides no facts or support for that accusation.  Further, the fact that the charges were later dismissed alone is insufficient to establish inadequacy of procedural protections.  Therefore, Salter fails to meet the inadequate procedure requirement to state a claim for violation of procedural due process in relation to her arrest by Pettis.

Because the complaint does not allege any state deprivation of a Constitutionally protected interest in liberty or property for which inadequate procedural protections were provided, Salter has failed to state a claim for denial of procedural due process under the Fifth and Fourteenth Amendments.

### 2.    Substantive Due Process – 42 U.S.C. § 1983

In her fifth cause of action, Salter alleges that Defendants' conduct was "outrageous and shocking to the conscience, in violation of Plaintiffs'[sic] substantive due process right to personal security as guaranteed by the Fourteenth Amendment of the United States Constitution."

"Substantive due process protects individuals from arbitrary deprivation of their liberty by the government."  *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (citing *County of Sacramento*

7

1   *v. Lewis*, 523 U.S. 833, 845-49 (1998)).  To be considered arbitrary in a constitutional sense, the

2   conduct at issue must be "only the most egregious official conduct" or "executive abuse of power

3   [that] shocks the conscience" such as conduct "intended to injure in some way unjustifiable by any

4   government interest."  *Id.*  "Substantive due process is ordinarily reserved for those rights that are

5   'fundamental.'"  *Id.* at 990 (citing *Washington v. Glucksberg*, 521 U.S. 702, 721-22 (1997))

6          Salter does not explain how Hernandez's alleged failure to complete an accident/injury

7   report for her fall rises to the level of "the most egregious official conduct" that "shocks the

8   conscience."  *Lewis*, 523 U.S. at 846.  In fact, it is perfectly plausible under the facts Salter does allege

9   that Hernandez's oversight was based on mere negligence rather than "inten[t] to injure in some way

10  unjustifiable by any government interest."  *Id.* at 849.  Likewise, Salter fails to allege how Rodriguez's

11  conduct in reporting her suspicions to Cal-Pers and the State Fund was an "executive abuse of power

12  [that] shocks the conscience."  *Id.* at 846.  According to Salter, Rodriguez was suspicious of Salter for

13  waiting to consult a doctor following her fall and alerted Cal-Pers and the State Fund that Salter would

14  file a fraudulent claim.  A state employee's attempt to protect a public pension fund and state insurance

15  fund from fraudulent claims, even if done also with the intent to harm Salter, is not "unjustifiable by

16  any government interest."  *Id.* at 849.  Finally, Pettis' only relation to this action is that he executed

17  Salter's arrest.  As discussed above, Salter makes no allegations as to her arrest other than the general

18  accusation that Defendants acted "without reasonable or probable cause" and provides no facts or

19  support for that accusation.  The Court is not obligated to accept such unsupported legal conclusions.

20  *Farm Credit Services v. American State Bank*, 339 F.3d at 767.

21          Because the complaint does not allege any actions by Defendants constituting "the most

22  egregious official conduct" that "shocks the conscience" and resulted in an "arbitrary deprivation of []

23  liberty," Salter has failed to state a claim for denial of substantive due process under the Fourteenth

24  Amendment.  *Brittain v. Hansen*, 451 F.3d at 991 (citing *County of Sacramento v. Lewis*, 523 U.S. at

25  845-49).

26      **3.    Unreasonable Seizure – 42 U.S.C. § 1983**

27          In the complaint's eleventh cause of action, Salter alleges that "Defendants' misconduct

28  violated Plaintffs'[sic] right to be free from unreasonable seizure as guaranteed by the Fourth

8

1   Amendment of the United States Constitution."

2          "[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches

3   and seizures." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (quoting *Elkins v. United States*, 364 U.S. 206, 222

4   (1960)).   A detention becomes an unreasonable seizure "when its duration exceeds that supported by

5   probable cause." *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d

6   1084, 1095 (N.D. Cal. 2005) (quoting *United States v. Dortch*, 199 F.3d 193, 199–200 (5th Cir.1999)).

7          Salter alleges that she was arrested by Pettis, handcuffed, and transported to the Madera

8   County jail.  She was then charged with fourteen felony counts of fraud and theft related to her alleged

9   injuries.  Those charges were later dismissed.

10          Salter makes no allegations as to the duration or manner of her detention.  As discussed

11   above, she merely accuses Defendants of acting "without reasonable or probable cause," but fails to

12   allege any facts to support that conclusion.   Again, the Court is not obligated to accept such

13   unsupported legal conclusions.  *Farm Credit Services v. American State Bank*, 339 F.3d at 767.

14   Further, the fact that Salter was charged with, although not convicted of, fourteen felony offenses

15   suggests that there was indeed probable cause for her arrest and detention.

16          Because the complaint does not allege any facts giving rise to a reasonable inference that

17   Salter was subjected to an unconstitutional detention, Salter has failed to state a claim for unreasonable

18   seizure in violation of the Fourth Amendment.

19          Moreover, Salter's claims under 42 U.S.C. § 1983 amount to no more than "unadorned, the-

20   defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949.  As such, they do not

21   survive a Fed. R. Civ. P. 12(b)(6) challenge.

22   **C.     Jurisdiction**

23          Defendants removed this action from Madera County Superior Court because the complaint

24   contained claims brought under a federal statute, 42 U.S.C. § 1983, for violations of the United States

25   Constitution.  None of those claims survives Defendants' Fed. R. Civ. P. 12(b)(6) challenge.  As such,

26   Salter has one opportunity to attempt to cure the deficiencies in her federal claims in an amended

27   complaint.  Alternatively, Salter may agree to dismissal of her federal claims.   If Salter does agree to

28   such dismissal, the Court will decline to exercise supplemental jurisdiction over the remaining state

law claims, pursuant to 28 U.S.C. 1367(c), and remand this action to state court for further proceedings.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend the complaint's (first, third, fifth, and eleventh) 42 U.S.C. § 1983 claims for violations of federal due process and the Fourth Amendment's protection against unreasonable seizure; and

2. ORDERS Salter, no later than February 14, 2013, to file and serve either: (1) a first amended complaint to cure the deficiencies in the dismissed claims; or (2) a statement that Salter agrees to dismissal of her federal claims.  If Salter agrees to such dismissal, the Court will decline to exercise jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. 1367(c), and remand this action to Madera County Superior Court for further proceedings.

IT IS SO ORDERED.

Dated:   __January 25, 2013__                    ___/s/ Lawrence J. O'Neill___
                                                    UNITED STATES DISTRICT JUDGE